UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                             Case No. 97-cr-144-1-SM
                                                     Opinion No. 2018 DNH 220

Donald Maclaren

**O R D E R**

The defendant seeks somewhat unusual relief in this criminal case and, while the government is in agreement with the defendant, the Probation Office in this district takes an opposing position. On its face, defendant's petition presents a straightforward question, but one upon which those courts that have considered it are not in complete agreement. The question is this: when does the period of supervised release begin to run with respect to a defendant who remains in federal custody after his prison term has expired due to a stay of release, or, here, a detention order under the Adam Walsh Act's civil commitment procedures?

The government and defendant say the supervised release term begins to run when he is released from custody imposed in the civil commitment proceeding. The Probation Office disagrees, contending that defendant's supervised release term began to run when the period of imprisonment imposed by his criminal sentence expired. Consequently, the Probation Office

1

asserts that the defendant's supervised release term has already fully run.

The weight of precedent falls heavily in favor of the government and defendant. For reasons thoroughly and persuasively explained in United States v. Maranda, 761 F.3d 689 (7th Cir. 2014), the better view appears to be that civil detention and commitment under the Adam Walsh Act precludes finding that defendant was "released from imprisonment" such that his term of supervised release began to run upon expiration of his criminal sentence to a term of imprisonment. See also United States v. Neuhauser, 745 F.3d 125 (4th Cir. 2014); United States v. Mosby, 719 F.3d 925 (8th Cir. 2013); United States v. Seger, 993 F. Supp. 2d 30 (D. Me. 2014). The Ninth Circuit has taken a different view (over the dissent of Judge M. Smith), in United States v. Turner, 689 F.3d 1117 (9th Cir. 2012). There is no controlling precedent in this circuit.

While the petition here raises complicated and nuanced issues, the specific question presented need not be decided on the merits — in the sense that the applicable law need not be construed — because in this case the principal parties, the government and the defendant, agree that the rule followed by the majority of circuit courts of appeals that have confronted the question should prevail. That position is reasonable and supported by recognized and persuasive legal authority. And, perhaps more importantly, the parties' agreement on that issue

precludes any notion of the existence of a genuine dispute or actual case or controversy.

While the Probation Office in this district has an interest in the outcome, the Probation Office is an arm of the court, and will of course not be prejudiced in any cognizable way whether supervision is carried out in the context of supervised release or a release plan developed under the Adam Walsh Act, or both. Resolution of subtle issues about the appropriate role of the Probation Office in a non-dispute between the principal parties is best left to another day, when the issues are better and more clearly in dispute. But, assuming standing and an important interest, the result is the same.

Given the prevailing weight of authority, and that the government and defendant are in agreement with respect to the relief sought, the court determines that, with respect to this case, defendant's period of supervised release does not commence until he is released from federal custody imposed as a result of civil commitment proceedings under the Adam Walsh Act.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 6, 2018

cc: Arnold H. Huftalen, AUSA
    Jeffrey S. Levin, Esq.
    U.S. Probation
    U.S. Marshal

3